UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANDRE WALKER,

                Petitioner,

-against-

MICHAEL SHEAHAN, SUPT. OF
FIVE POINTS CORR. FACILITY,

                Respondent.
------------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM AND ORDER**

13-FILED(CBA)

AMON, Chief Judge:

      Petitioner Andre Walker, appearing *pro se* and currently incarcerated at Coxsackie Correctional Facility, seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial consideration of this petition and, for the reasons set forth below, determined that the petition appears to be time-barred by the one year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The Court grants petitioner's request to proceed *in forma pauperis* and directs petitioner to show cause within 30 days of the entry of this Memorandum and Order why the petition should not be dismissed as time-barred.

## BACKGROUND

      On March 19, 2008, petitioner was convicted, upon a jury verdict, in the Supreme Court of the State of New York, Kings County, of criminal possession of a weapon in the second and third degree and sentenced to fifteen years imprisonment. Petition at 1-2. On February 9, 2010, the Appellate Division affirmed the conviction, *People v. Walker*, 70 A.D.3d 870 (2d Dep't 2010), and the New York Court of Appeals denied leave to appeal on May 13, 2010, *People v. Walker*, 14 N.Y.3d 894, 929 N.E.2d 1017 (2010). Petitioner did not file a petition for a writ of certiorari from the United States Supreme Court. Petition at 3.

On February 24, 2011, petitioner filed a post-conviction motion which was denied on or about May 16, 2011. *Id.* at 3-4. Petitioner does not provide the date the Appellate Division denied leave to appeal the post-conviction motion decision. *Id.* at 4. Although dated December 8, 2012, the Court received the instant petition on January 16, 2013.

## DISCUSSION

With the passage of the AEDPA on April 24, 1996, Congress set a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Under subsection (A),[1] the instant petition appears untimely. Petitioner's conviction became final on August 11, 2010, upon expiration of the 90-day period for seeking a writ of certiorari. *Saunders v. Senkowski*, 587 F.3d 543, 549 (2d Cir. 2009); *Williams v.*

---

[1] Petitioner does not state any facts which would suggest that subsections (B)-(D) are applicable.

*Artuz*, 237 F.3d 147, 150-51 (2d Cir. 2001).

In order to be timely, this petition should have been filed on or before August 11, 2011. Instead, this petition was filed on January 16, 2013, after the one year limitations period had already expired. Therefore, unless the petitioner can show that the one-year statute of limitations period should be tolled, the petition is barred by 28 U.S.C. § 2244(d) as untimely.

Tolling

A. Statutory Tolling

In calculating the one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). The post-conviction proceeding, however, does not start the one-year period to run anew. Section 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year period of limitation. *Smith v. McGinnis*, 208 F.3d 13, 16 (2d Cir. 2000) (*per curiam*).

Because petitioner filed his post-conviction ("440") motion on February 24, 2011, before the one year limitations period expired, the period during which the 440 motion was pending may be tolled. "[A] state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999); *see also Carey v. Saffold*, 536 U.S. 214, 219-21 (2002). However, petitioner does not provide the Court with all the dates necessary to determine whether statutory tolling would render this petition timely-filed. Although petitioner has provided the date he filed the 440 motion and the date it was denied, he does not provide the date the Appellate Division denied his request to appeal.

B. Equitable Tolling

Even if statutory tolling does not render this petition timely-filed, *see* Petition at 4 (petitioner admits that he has filed this petition "late"), the limitations period may also be equitably tolled, but only if petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 130 S.Ct. 2549, 2562 (2010) (internal quotation omitted); *Smith,* 208 F.3d at 17.

Although petitioner provides a statement in support of the timeliness of this petition, *see* Petition at 4, ¶ 23-24 (his reliance on another inmate and his placement in the segregated housing unit (SHU)), in light of his *pro se* status, the Court provides him another opportunity to demonstrate whether equitable tolling should apply to this petition. Petitioner is advised, however, that any ignorance of the law, his SHU confinement, and his reliance on inmate advisors are not sufficient to warrant equitable tolling. *See Lizaide v. Kirkpatrick,* No. 09-CV-5038 (CBA), 2009 WL 4110296, at *2 (E.D.N.Y. Nov. 24, 2009) (quoting *Worsham v. West,* No. 05 Civ. 530, 2006 WL 2462626, at *2 (S.D.N.Y. Aug. 23, 2006) ("Mere ignorance of the law does not qualify as an extraordinary circumstance warranting equitable tolling in habeas cases.")); *Francis v. Miller,* 198 F.Supp.2d 232, 235 (E.D.N.Y. 2002) ("ignoran[ce] of the law and legal procedure" is not an "extraordinary circumstance[] that warrant[s] equitable tolling"); *Lindo v. Lefever,* 193 F.Supp.2d 659, 663 (E.D.N.Y. 2002) ("Transfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances."); *Chan v. U.S.,* No. 00-cv-862 (ILG), 2000 WL 1843290, at *2 (E.D.N.Y. Oct. 25, 2000) (that petitioner "must rely on inmate jail house lawyers" and that his attempts to obtain legal advice from other inmates "have not been fruitful" did not amount to extraordinary circumstances).

4

## CONCLUSION

Accordingly, the Court directs petitioner to show cause by written affirmation,[2] within 30 days from entry of this Memorandum and Order, why the petition should not be dismissed as time-barred by the AEDPA's one year statute of limitations. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000).

In the affirmation, petitioner must present any facts which would support either statutory tolling (for example, petitioner must provide the date the Appellate Division denied his appeal of the 440 motion and any other applicable dates) or equitable tolling of the period of limitations (for example, facts to support that extraordinary circumstances prevented him from timely filing the petition and facts to show that he acted with reasonable diligence), if applicable.

No response or answer shall be required at this time from respondent and all further proceedings shall be stayed for 30 days or until petitioner has complied with this Order. If petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d). If filed within 30 days, petitioner's affirmation shall be reviewed pursuant to Rule 4 of the Habeas Rules and 28 U.S.C. § 2244(d).

SO ORDERED.

/S/ Chief Judge Carol B. Amon

Carol Bagley Amon
United States District Judge

Dated: Brooklyn, New York
       March 6, 2013

---

[2] An affirmation form is attached to this order for petitioner's convenience.