UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANDRE WALKER,

                Petitioner,

           -against-

MICHAEL SHEAHAN, SUPT. OF
FIVE POINTS CORR. FACILITY,

                Respondent.
------------------------------------------------------------X

NOT FOR PUBLICATION

MEMORANDUM
AND ORDER

13-CV-0361 (CBA)

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 20 2013 ★

**BROOKLYN OFFICE**

AMON, Chief United States District Judge:

      Petitioner Andre Walker, appearing *pro se* and currently incarcerated at Coxsackie

Correctional Facility, seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. By order dated

March 6, 2013, the Court granted Walker's request to proceed *in forma pauperis* and directed

Walker to show cause why the petition should not be dismissed as time-barred. On March 22, 2013,

Walker filed an affirmation in response to the Court's order. The Court has reviewed this

submission and for the reasons set forth below again orders Walker to show cause within 30 days

of the entry of this Memorandum and Order why the petition should not be dismissed as time-barred.

## BACKGROUND

      The factual background is set forth in the Court's March 6, 2013 Memorandum and Order,

which the Court incorporates by reference (the "March 6 Order"). In sum, on March 19, 2008,

Walker was convicted of criminal possession of a weapon in the second and third degree in the

Supreme Court of New York, Kings County and sentenced to fifteen years imprisonment. Mar. 6

Order, D.E. # 4 at 1 (citing Pet. at 1-2). Walker's judgment of conviction became final on August

11, 2010, upon expiration of the 90-day period for seeking a writ of certiorari. Mar. 6 Order at 2

(citing *Saunders v. Senkowski*, 587 F.3d 543, 549 (2d Cir. 2009); *Williams v. Artuz*, 237 F.3d 147,

150-51 (2d Cir. 2001)). The Court received the instant petition on January 16, 2013, although it is



dated December 8, 2012.

On February 24, 2011, Walker filed a post-conviction motion pursuant to New York Crim. Proc. Law § 440.10. Pet. at 3. Walker's petition indicates that this motion was denied on or about May 16, 2011 but omits the date of the Appellate Division's denial of leave to appeal this decision. Pet. at 4. Although the Court's March 6 Order requested that Walker provide this information, he did not do so in his March 22 affirmation.

## DISCUSSION

With the passage of AEDPA on April 24, 1996, Congress set a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). In the March 6 Order, the Court noted that Walker did not file until well after August 11, 2011--*i.e.* one year from the date his judgment of conviction became final as set forth in subsection (A)—and gave Walker the opportunity to explain why the limitations period should nonetheless be statutorily or equitably tolled. In his March 22 affirmation Walker concedes

2

that "the likelihood exist[s]" that his petition is not "statutorily timely" under AEDPA and clarifies that he is "not asking for this Court to consider the appropriateness of [his] petition pursuant to a statutory tolling." Pet. Aff., D.E. # 5, at 5. Instead, Walker offers two alternative reasons why he believes his petition is timely. First, he claims that subsection (B) of 28 U.S.C. § 2244(d)(1) applies because the state created an "impediment" when he was transferred to a Special Housing Unit ("SHU") and was not allowed to retrieve his legal documents from his "jailhouse lawyer," a fellow inmate. *Id.* at 5-6. Second, Walker claims that his petition should be considered on the merits because he is "actually innocent." *Id.* at 2-4. The Court rejects the first argument, but grants Walker an opportunity to provide facts supporting his claim of actual innocence.

A.   Alternate Limitations Period: State-Created Impediment

Walker's argument that his SHU placement amounts to a state-created impediment is without merit. Section 2244(d)(1)(B) provides an alternative date from which the one-year limitations period can run: the date on which an "impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." Subsection (B) pertains only to impediments "created by State action in violation of the Constitution or laws of the United States" that actually "prevented" the petitioner from filing on time. *Rush v. Lempke*, No. 09-cv-3464 (JFB), 2011 WL 477807, at *9 (E.D.N.Y. Feb. 2, 2011) ("In order to invoke Section 2244(d)(1)(B), a petitioner must show that (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." (internal quotation marks omitted)).

Here, the Court of Appeals denied leave to appeal on May 13, 2010, *People v. Walker*, 14 N.Y.3d 894, 929 N.E.2d 1017 (2010), and according to the attached affirmation of inmate Harry Wilson, Walker's placement in SHU "took place on or about August and/or September of 2011,"

Pet., Unmarked Exhibit, Aff. of Harry Wilson at 7.   Even assuming, *arguendo*, that Walker was placed in SHU prior to August 11, 2011–the date on which the one-year statute of limitations would have expired under subsection (A) of § 2244(d)(1)–he still would have had well over a year from the date the Court of Appeals denied leave to appeal to file his petition.   Therefore, it cannot be said that Walker's placement in SHU prevented him from timely filing. *See Rush*, 2011 WL 477807 at *9 ("Here, petitioner had approximately seven months between the date on which he was denied leave to appeal to the Court of Appeals and when he was transferred to the New Jersey facility. Petitioner did not file his habeas petition, nor request an extension of the statute of limitations, during that time. Thus, it cannot be said that petitioner's denial of access to his legal files once he was transferred to the New Jersey facility was a state-created impediment to him filing a timely petition."); *cf. Giles v. Smith*, No. 10 Civ. 5322 (PKC), 2010 WL 4159468, at *4 (S.D.N.Y. Oct. 8, 2010) (finding no unconstitutional impediment under subsection (B) caused by prison and court officials' alleged failure to adequately respond to petitioner's requests for case citations and sentencing information because "the lack of such information did not preclude Petitioner from filing a § 2254 petition."); *Dodell v. Walsh*, No. 09 Civ. 9902 (DLC), 2010 WL 624910, at *2 (S.D.N.Y. Feb. 19, 2010) (prison officials' alleged "gross negligence" in losing his legal papers was not a state created impediment where petitioner did not show that this prevented him from timely filing a "petition with a summary of his claims and a request for additional time" to obtain copies of the papers).   In any event, Walker's purported inability to obtain his papers from a fellow inmate does not amount to a state-created "impediment" under § 2244(d)(1)(B) where his own action in providing all his papers to his fellow inmate created the alleged impediment.   The Court finds that any delay Walker alleges was engendered by his SHU placement does not trigger the alternative limitations period set by §

4

2244(d)(1)(B).

> B.    Tolling

1. Statutory Tolling

As explained in the March 6 Order, because Walker filed his post-conviction motion pursuant to N.Y. Crim. Proc. Law § 440.10 on February 24, 2011, after his conviction became final but before the one-year limitations period expired, the time during which that motion was pending may be tolled. Mar. 6 Order at 3 (citing *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999); *see also Carey v. Saffold*, 536 U.S. 214, 219-21 (2002)). Although directed to provide the Court with all the dates necessary to determine whether statutory tolling would apply, Walker has failed to do so, instead indicating that he is "not asking for this Court to consider the appropriateness of my petition pursuant to a statutory tolling." *See* Pet. Aff. at 5. Even though Walker apparently concedes that statutory tolling does not render this petition timely-filed, he is granted one more opportunity to provide this information so that the Court may assess whether or not statutory tolling should apply.

2. Equitable Tolling

The limitations period may also be equitably tolled, but only if petitioner (1) "has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 130 S.Ct. 2549, 2562 (2010) (internal quotation omitted); *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). The Second Circuit has held that "[t]he intentional confiscation of a prisoner's habeas corpus petition and related legal papers" is an extraordinary circumstance warranting equitable tolling if it prevents the petitioner from filing his petition on time. *See Valverde v. Stinson*, 224 F.3d 129, 133-34 (2d Cir. 2000). Nevertheless, as the Court explained in its March 6 Order, Walker's reliance on another inmate and the SHU placement does not amount to such an "extraordinary circumstance." *See Lindo v. Lefever*, 193

F.Supp.2d 659, 663 (E.D.N.Y. 2002) ("Transfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances."); *Chan v. United States,* No. 00-cv-862 (ILG), 2000 WL 1843290, at \*2 (E.D.N.Y. Oct. 25, 2000) (that petitioner "must rely on inmate jail house lawyers" and that his attempts to obtain legal advice from fellow inmates "have not been fruitful" did not qualify as extraordinary circumstances). Moreover, Walker fails to show that he acted with reasonable diligence in that he fails to provide any dates related to his equitable tolling argument.

C.      Actual Innocence

Walker's final argument is that his petition should be considered on the merits because he is actually innocent. The Second Circuit has recently recognized an actual innocence exception to AEDPA's period of limitations. *Rivas v. Fischer,* 687 F.3d 514 (2d Cir. 2012). However, "a claim of actual innocence must be both 'credible' and 'compelling.'" *Id.* at 541 (citing *House v. Bell*, 547 U.S. 518, 521, 538 (2006); *see also Schlup v. Delo,* 513 U.S. 298, 316 (1995)). A credible claim of actual innocence consists of "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup,* 513 U.S. at 324; *see also House,* 547 U.S. at 537; *Rivas,* 687 F.3d at 541. "For the claim to be 'compelling,' the petitioner must demonstrate that 'more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt—or to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." *Rivas,* 687 F.3d at 541 (quoting *House*, 547 U.S. at 538). Here, Walker provides no facts to support his actual innocence claim in either his petition or his affirmation. In an abundance of caution, the Court directs Walker to file a second affirmation.

## CONCLUSION

Accordingly, the Court directs Walker to show cause by written affirmation,[1] within 30 days from entry of this Memorandum and Order, why the petition should not be dismissed as time-barred by AEDPA's one year statute of limitations. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000).

In the second affirmation, Walker must present any facts which would support his claim of actual innocence as set forth above. In order for the Court to consider whether to apply equitable tolling, Walker must provide the dates of all relevant events and facts to support that extraordinary circumstances prevented him from timely filing the petition and that he acted with reasonable diligence. In order for the Court to consider whether to apply statutory tolling, Walker must provide the date the Appellate Division denied his request for leave to appeal the denial of the N.Y. Crim. Proc. Law § 440 motion and any other applicable dates.

No response or answer shall be required at this time from respondent and all further proceedings shall be stayed for 30 days or until Walker has complied with this Order. If Walker fails to comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d). If filed within 30 days, Walker's second affirmation shall be reviewed pursuant to Rule 4 of the Habeas Rules and 28 U.S.C. § 2244(d).

SO ORDERED.

s/Carol Bagley Amon

Carol Bagley Amon
United States District Judge

Dated: Brooklyn, New York
      May 20 , 2013

---

[1] An affirmation form is attached to this order for petitioner's convenience.